12

**LIANG ZHANG, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General of the United States, Respondent.**

No. 06–3282–ag.

United States Court of Appeals, Second Circuit.

March 29, 2007.

Kai W. De Graaf, New York, New York, for Petitioner.

Peter D. Keisler, Assistant Attorney General, Michael P. Lindemann, Assistant Director, Ethan B. Kanter, Senior Litigation Counsel, U.S. Department of Justice, Civil Division, Office of Immigration Litigation, Washington, D.C., for Respondent.

PRESENT: Hon. RALPH K. WINTER, Hon. PIERRE N. LEVAL, Hon. JOSÉ A. CABRANES, Circuit Judges.

### SUMMARY ORDER

Petitioner Liang Zhang, a native and citizen of the People's Republic of China, seeks review of a June 22, 2006 order of the BIA affirming the January 28, 2005 decision of Immigration Judge ("IJ") Alan A. Vomacka denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Liang Zhang*, No. A97 390 939 (B.I.A. June 22, 2006), *aff'g* No. A97 390 939 (Immig. Ct. N.Y. City Jan. 28, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA, in adopting and affirming the IJ's decision, modifies and supplements the IJ's reasoning, we review the IJ's decision as modified and supplemented by the BIA. *See Yu Yin Yang v. Gonzales*, 431 F.3d 84, 85 (2d Cir.2005); *Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir.2005). Legal issues, and the application of law to fact, are reviewed *de novo. See Secaida–Rosales v. INS*, 331 F.3d 297, 307 (2d Cir.2003). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 & n. 7 (2d Cir.2004). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 406 (2d Cir.2005); *Tian–Yong Chen v. INS*, 359 F.3d 121, 129 (2d Cir.2004).

In this case, while we agree with the BIA that the IJ pursued some inappropriate lines of questioning during the hearing, and was at times confrontational, we also agree that the adverse credibility finding is sustainable, in light of the BIA's modifications. *Cf. Islam v. Gonzales*, 469 F.3d 53, 56–57 (2d Cir.2006). We find, moreover, that the IJ did not prevent Zhang from fully presenting his claim, nor hamper our ability to conduct a meaningful review of this case. *Cf. id.* at 55.

Upon review of the record, we find that a reasonable fact-finder would not be compelled to conclude that Zhang presented a credible claim of past persecution or a well-founded fear. As the IJ noted, Zhang failed to mention during his credible fear interview that the cadres came to his house to force his girlfriend to have an abortion in January 2003, or that she was able to avoid the procedure at that time only because she had a high fever. He mentioned only one visit from the cadres at the interview, and claimed he had known they were coming because they had notified him by telephone. However, at his hearing he mentioned no phone call, but stated that after the first abortion attempt, the cadres ordered his girlfriend to return within 15 days. Moreover, the IJ reasonably found it implausible that Zhang and his girlfriend, who had selected a new hiding place, would not relocate within the 15 days, but would instead remain at his house until the very end of that period. When Zhang explained that his girlfriend remained too sick to move, the IJ reasonably questioned his allegation

that when the cadres unexpectedly showed up, he and his sick girlfriend were able to run out the back door and escape. It was also reasonable for the IJ to be skeptical of Zhang's claim that his girlfriend then went to "hide" at her parents house, believing she could not be found there, when Zhang's attempts to explain this circumstance were contradictory.

■ We do not find that the IJ resorted to speculation in finding these allegations implausible, and having considered the whole record, we find that the IJ properly relied on them, along with Zhang's demeanor and inconsistencies in his testimony, to find him not credible. *See Ming Xia Chen v. BIA,* 435 F.3d 141, 145–46 (2d Cir.2006). As an example of Zhang's evasive demeanor, the IJ noted that he failed to mention during direct examination that he confronted the cadres to protest the abortion, despite substantial prodding, and later gave an inapplicable explanation that he had answered "only the first part" of the question at issue. Credibility findings based on such direct observations merit substantial deference. *See Zhou Yun Zhang,* 386 F.3d at 73. For these reasons, and because the BIA rejected those portions of the IJ's analysis that we tend to agree have no bearing on an adverse credibility finding, we find that the decision as a whole is supported by substantial evidence. As the facts relating to the forced abortion are the only basis on which Zhang argues he is eligible for asylum, withholding, and CAT relief, the adverse credibility finding is dispositive of all his claims. *See Paul v. Gonzales,* 444 F.3d 148, 155–56 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DIS-MISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).